Citation Nr: AXXXXXXXX
Decision Date: 05/28/21 Archive Date: 05/28/21

DOCKET NO. 190819-27009
DATE: May 28, 2021

REMANDED

Entitlement to reimbursement of medication expenses incurred following treatment at Eisenhower Health (EH) from April 3 to April 5, 2019, is remanded.

REASONS FOR REMAND

The Veteran served on active duty from June 1973 to June 1975. This appeal is before the Board of Veterans' Appeals (Board) from a July 2019 decision of the Department of Veterans Affairs (VA) Veterans Health Administration, which constitutes an initial decision; therefore, the modernized review system, also known as the Appeals Modernization Act (AMA), applies.

The Veteran received treatment at the EH emergency room on April 3, 2019, for complaints of dyspnea and weakness, with a past medical history of diabetes, hypertension, smoking, and myocardial infarction with angioplasty. He was assessed with chronic obstructive pulmonary disease and atrial fibrillation exacerbation. He remained at EH and was discharged on April 5, 2019, with diagnoses including acute on chronic respiratory failure with hypoxia. He was discharged with a prescribed medication list, which was noted to have been sent to a CVS pharmacy.

As reflected in April 2019 and June 2019 statements from the Veteran and his VA physician, the Veteran asserts that, following emergency treatment at EH (after being advised to seek such treatment from his local VA facility) and discharge on April 5, 2019, he went to the CVS pharmacy to pick up his discharge medications, which in total cost $1,509.20. Along with the statements, they sent the discharge medication list and a receipt from the CVS pharmacy. 

As reflected in its June 2019 decision letter to the Veteran, the AOJ denied his reimbursement claim on the basis that he was not treated at an urgent care, but rather at a hospital, and therefore could not be reimbursed pursuant to the Mission Act. The letter explained that the Mission Act allowed eligible Veterans to access VA in-Network urgent care facilities without prior approval and have the urgent care bill sent directly to a VA contractor for VA payment, and urgent, temporary, prescriptions sent from an urgent care clinic to a VA-in-Network pharmacy, which could send a bill directly for VA payment.

However, as noted above, the Veteran is not claiming reimbursement benefits for prescriptions obtained at an authorized urgent care clinic visit; he is claiming reimbursement for prescription medication obtained after hospital discharge following emergency care from a non-VA facility. 

The Veterans Millennium Health Care and Benefits Act provides general authority for reimbursement for the reasonable value of emergency treatment furnished in a non-VA facility to those Veterans who are active VA health-care participants (i.e., enrolled in the annual patient enrollment system and recipients of a VA hospital, nursing home, or domiciliary care under such system within the last 24-month period) and who are personally liable for such non-VA treatment and not eligible for reimbursement under the provisions of 38 U.S.C. § 1728. 38 U.S.C. § 1725; 38 C.F.R. §§ 17.1000-1008.

Emergency treatment reimbursable under 38 U.S.C. § 1725 includes medical services, professional services, ambulance services, ancillary care and medication, including a short course of medication related to and necessary for the treatment of the emergency condition that is provided directly to or prescribed for the patient for use after the emergency condition is stabilized and the patient is discharged. 38 C.F.R. § 17.1002 (emphasis added). 

Notably, the provisions of the Mission Act regarding authorized payments for use of VA in-Network urgent care facilities and prescriptions thereof do not control or affect the provisions of 38 U.S.C. § 1725 and its implementing regulations. See "VA MISSION Act of 2018," Pub. L. 115-182, 132 Stat. 1393 (enacted June 6, 2018); 38 U.S.C. § 1703; 38 C.F.R. §§ 17.4000.

The AOJ therefore did not properly consider the Veteran's claim under the provisions of 38 U.S.C. § 1725, or correctly identify the applicable law and regulations in the June 2019 notice of denial. 

Also, May 2019 VA treatment records reflect that the Veteran reported having Medicare, and using it for partial payment of his April 3 to 5, 2019, non-VA care. 

Reimbursement under 38 U.S.C. § 1725 may be provided by VA "only after the veteran or the provider of emergency treatment has exhausted without success all claims and remedies reasonably available to the veteran or provider against a third party for payment of such treatment." 38 U.S.C. § 1725(c)(2); see also 38 C.F.R. § 17.1002(f). If a Veteran has recourse against a third party that would partially pay for emergency treatment, the amount payable by VA for such treatment is the amount by which the costs for the emergency treatment exceed the amount payable or paid by the third party; in such cases, VA is the secondary payer only. In any case, VA may not reimburse a Veteran for any copayment or similar payment for which the Veteran is responsible under a health-plan contract with a third party. 38 U.S.C. § 1725(c)(4).

In this case, as the AOJ did not properly develop and consider the Veteran's reimbursement claim under the applicable law and regulations; and the record is not clear as to how any coverage under a third-party health-plan contract, such as Medicare, might affect his reimbursement claim. 

The Board may remand for correction of any error by the AOJ in satisfying a regulatory or statutory duty, if correction of the error would have a reasonable possibility of aiding in substantiating the appellant's claim. 38 C.F.R. § 20.802.

Here, AOJ did not properly consider the Veteran's claim under the provisions of 38 U.S.C. § 1725, or correctly identify the applicable law and regulations in the June 2019 notice of denial. See 38 U.S.C. §§ 511(a), 5104(b). As correction of this error by the AOJ in satisfying its regulatory and statutory duties would have at least a reasonable possibility of aiding in substantiating the medical reimbursement claim on appeal, the appeal must be remanded for the AOJ to properly adjudicate the Veteran's claim under the provisions of 38 U.S.C. § 1725.

The matter is REMANDED for the following action:

Adjudicate the Veteran's claim for entitlement to reimbursement of medication expenses incurred following treatment at EH from April 3 to April 5, 2019, under the provisions of 38 U.S.C. § 1725 and 38 C.F.R. §§ 17.1000-1008; this includes the provisions of 38 C.F.R. § 17.1002 allowing for reimbursement for a short course of medication related to and necessary for the treatment of an emergency condition that is provided directly to or prescribed for the patient for use after the emergency condition is stabilized and the patient is discharged. 

 

 

JONATHAN B. KRAMER

Veterans Law Judge

Board of Veterans' Appeals

Attorney for the Board Andrew Mack, Counsel

The Board's decision in this case is binding only with respect to the instant matter decided. This decision is not precedential and does not establish VA policies or interpretations of general applicability. 38 C.F.R. § 20.1303.